[Cite as *State v. Saunders*, 2013-Ohio-3771.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case Nos. 13CA10 |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| ROBERT SAUNDERS, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | **Released: 08/27/13** |

_____

APPEARANCES:

William T. Cramer, Westerville, Ohio, for Appellant.[1]

Laina Fetherolf, Hocking County Prosecutor, and Jonah M. Saving, Assistant Hocking County Prosecutor, Logan, Ohio for Appellee.

_____

McFarland, P.J.

{¶1} Defendant-Appellant Robert E. Saunders, Jr., appeals the judgment entry of conviction and sentence in the Hocking County Municipal Court dated February 25, 2013. Appellant was convicted after a trial to the court on a charge of criminal mischief, in violation of R.C. 2909.07(A)(1), a misdemeanor of the third degree. On appeal, he contends: (1) there was insufficient evidence that he knowingly damaged property, and (2) the judge's finding was against the manifest weight of the evidence. Having

---

[1] Appellant had other counsel at his trial.

reviewed the record and the pertinent law, we affirm the judgment of the

trial court and overrule Appellant's assignments of error.

FACTS

{¶2} Appellant was charged with criminal mischief subsequent to

events which occurred on July 30, 2012.  The case eventually proceeded to a

trial which took place on February 25, 2013 in the Hocking County

Municipal Court. The State of Ohio presented testimony from two witnesses,

Harry Santiago, Jr., the victim of the alleged criminal damaging, and Heidi

Forrest. Appellant testified on his own behalf.

{¶3} Santiago testified on the incident date, his car, a 2011 Toyota

Corolla,[2] was parked in front of his house in a dirt pull-off spot, parallel to

the roadway. The pull-off spot was approximately four feet from the

roadway.  Santiago was inside the house when he heard a "really loud noise

kind of spinning out." Santiago looked outside his window and saw

Appellant, his neighbor, "spinning out" next to his car.[3]  Appellant's car was

---

[2] Appellant has not raised any issue as to ownership of the vehicle.  We note Santiago testified the Toyota Corolla was his car.  Heidi Forrest referenced the vehicle as "our" car, although she also indicated she was not familiar with it.  The estimate submitted for damages lists the vehicle as belonging to Heidi Forrest.  In *State v. Clouser,* 4th Dist. No. 652, 1988 WL 4420,  (Jan. 19, 1988), this court overruled appellant's assignment of error that the State failed to establish the property involved in a criminal damaging case was "the property of another." R.C. 4505.04 provides "No court in any case at law or equity shall recognize the right, title claim, or interest of any person in or to any motor vehicle * * * unless evidence * * * by a certificate of title* * *."  In *Clouser*,  we cited *State v. Rhodes,* 2 Ohio St. 3d 74 (1982) in which the Supreme Court of Ohio held R.C. 4505.04 does not require evidence of a certificate of title in a prosecution for theft of an automobile.

[3] We infer that "spinning out" indicates Appellant accelerated while in park, spinning the tires on his vehicle and causing the gravel to fly up or out.

next to Santiago's car, not moving. The gravel hit the car and Santiago's house, approximately 20 feet from the roadway.    Santiago, his girlfriend Heidi Forrest, and another neighbor, Anthony Smith, walked outside and saw Appellant in his vehicle, still spinning. Santiago testified the incident lasted for approximately 45 seconds. After Appellant drove away, Santiago looked at his vehicle, but it was dark.

{¶4} Santiago testified the next day, he saw rocks and gravel all over his car from where Appellant had spun his tires, and a black mark on the actual roadway where Appellant's car had been. The paint on Santiago's car was scratched on the hood, the top of the car, and the sides.  Santiago testified he considered Appellant a friend and had no idea why he operated his car in such a way.

{¶5} Heidi Forrest testified she and Santiago were in the kitchen around midnight when they could hear "somebody come flying up the hill." They looked out the window to see Appellant slow down and stop when he reached where the Toyota was parked.  After Appellant stopped, he "punched" the gas and they could hear and see rocks hitting the car. Forrest testified Appellant spun the gravel for 15-20 seconds.  Forrest testified they ran outside with a flashlight.  Appellant pulled up to the side of the road and walked to his house while Santiago and she surveyed the damage.  They

then called the police. No one moved the car. It was in the exact spot when the police arrived.

{¶6} Forrest described the Toyota as having gravel on the hood and trunk, and scratch marks up and down the side of the car and hood. Forrest acknowledged she was not familiar with the car and could not say if the scratches were there prior to the incident. She also testified she did not think any of the gravel hit Santiago's house. Forrest testified she did not know Appellant personally. Although it was dark, nothing obstructed her view and she indicated she could clearly see the vehicle and, necessarily, the events which occurred.

{¶7} Appellant testified he was going to feed his dog around 1:00 a.m. when he found the road blocked by Santiago's car. He had to go into the ditch on the left side to get past Santiago's car. When he slid into the ditch, he spun a little gravel as he passed the car. Appellant emphasized Santiago's driver's side tires were sitting on the blacktop, about two feet onto the right side of the road. He also testified Santiago's house was approximately 75 feet from the roadway.

{¶8} When asked if he ever kicked up the gravel, Appellant responded: "I couldn't swear to it, no." When asked if he ever intentionally spun the gravel, he answered "No, sir, absolutely not." Appellant explained

that at the time the State's witnesses said he was stopped, spinning out his tires, he was actually sliding into the ditch. Appellant testified he did not know there was any damage until he came by approximately 30 minutes later and an officer stopped him.

{¶9} Appellant also testified before the incident, Santiago's car was parked in the roadway every day. Neighbors complained about Santiago's repeated blocking of the road. On cross-examination, Appellant admitted he was "a little upset" that he could not get home without going through the ditch, but "it's not enough to make me want to damage anything." Appellant offered that he had been arguing with his girlfriend, but "wasn't agitated" with Santiago. Appellant also testified he considered them to be friends. The defense offered one exhibit, a picture of the roadway which showed one spin track.

{¶10} The trial court found Appellant guilty of criminal mischief beyond a reasonable doubt. Appellant was fined $100.00 plus court costs, and sentenced to 60 days in jail, all suspended. He was referred to mental health court and ordered to have no contact with Santiago. A hearing on

restitution was set for April 4, 2013.[4] The trial court ordered restitution in the amount of $700.00.

{¶11} On March 20, 2013, Appellant filed a timely notice of appeal. On May 1, 2013, this Court granted Appellant's motion to stay execution of sentence pending appeal.

### ASSIGNMENT OF ERROR ONE

I.      APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE
        PROCESS AS GUARANTEED BY THE FIFTH AND
        FOURTEENTH AMENDMENTS TO THE UNITED STATES
        CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I,
        SECTION 16, BECAUSE THERE WAS INSUFFICIENT
        EVIDENCE THAT APPELLANT KNOWINGLY DAMAGED
        ANYONE'S PROPERTY.

### A. STANDARD OF REVIEW

{¶12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Dennison,* 4th Dist. No. 06CA48, 2007-Ohio-4623, 2007 WL 2570736, ¶ 9.  See, e.g. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus (superseded by on other grounds by constitutional amendment).  See *State v. Smith,* 80 Ohio St. 3d 89, 684 N.E.

---

[4] The front page of the trial transcript indicates the restitution hearing came on April 3, 2013.  At page 56 of the transcript, the restitution hearing date is listed as Thursday, April 4, 2013.

2d 668 (1997). The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.,* citing *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781 (1979).

{¶13} A sufficiency of the evidence challenge tests whether the state's case is legally adequate to satisfy the requirement that it contain prima facie evidence of all elements of the charged offense. See *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983), and *Carter v. Estell* (CA 5, 1982), 691 F.2d 777,778. It is a test of legal adequacy, rather than a test of rational persuasiveness. *Dennison,* supra at ¶ 10.

{¶14} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence," *Hollis,* at ¶ 21; *Smith,* at ¶ 34, citing *State v. Martin,* 20 Ohio App.3d 172, 175, 484 N.E.2d 717 (1983). Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact [to fairly] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Smith,* at ¶ 34, citing *State v. Thomas,* 70 Ohio St. 2d 79, 79-80, 434 N.E.2d 1356 (1982); *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

B. LEGAL ANALYSIS

**{¶15}** Appellant was convicted of criminal mischief, a violation of R.C. 2909.07(A)(1) which provides: "(A) No person shall: (1) without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another." "Knowingly" is defined in R.C. 2901.22 (B) as: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

**{¶16}** Appellant contends he had to have been aware that he would probably scatter gravel all over Santiago's car when he accelerated up the hill, and there is insufficient evidence of such knowledge. Commonly, there is no direct evidence of a defendant's state of mind so the State must rely on circumstantial evidence to satisfy this element of its case. *In re Horton,* 4th Dist. No. 04CA794, 2005-Ohio-3502, 2005 WL 1595241, ¶ 22. A defendant's state of mind may be inferred from the totality of the surrounding circumstances. *Id.,* citing *In re Pollit,* (Oct. 10, 2000), 4th Dist. No. 00CA687, citing *State v. Ratajczak* (Aug. 5, 1992) , 9th Dist. No. 91CA005245.

**{¶17}** Circumstantial and direct evidence possess the same probative

and evidentiary value. *Horton, supra*, citing *State v. Jenks,* 61 Ohio St. 3d 259, 272, 574 N.E.2d 492 (1991). "When viewing circumstantial evidence, 'the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence.'" *Jenks, supra,* quoting *Wesley v. The McAlpin Co*.,(May 25, 1994), 1st Dist. No. C9305286, citing *Donaldson v. Northern Trading Co.,* 82 Ohio App. 3d 476, 483, 612 N.E. 2d 754(1992). While Appellant argues there is insufficient evidence he acted knowingly, he conveniently ignores the testimony of both State's witnesses, that demonstrated once he drove up the hill, he stopped for an albeit short period of time (15-20) seconds, and spun his tires on the gravel. This circumstantial evidence of his intent is enough to pass the sufficiency test. A reasonable trier of fact could infer that Appellant knowingly caused damage to the property of another.

{¶18} In *State v. Kessler,* 8th Dist. No. 93340, 2010-Ohio-2094, 2010 WL 1910064, appellant was charged and convicted of felonious assault. On appeal, she argued the State was required to present evidence that she knew or should have known that [the victim] was about to cross in front of her vehicle. Kessler argued the evidence presented at trial showed the incident was an accident, and she was merely turning her car slowly into a driveway

and the victim merely happened to run in front of her car.   The victim specifically testified at trial that Kessler pulled the vehicle into the driveway only after she saw him running across it.  The appellate court found Kessler acted with knowledge.  Again, "a person acts knowingly when he is aware that his conduct will probably cause a certain result." R.C. 2901.22(B).  Both Santiago and Forrest testified Appellant stopped and spun his tires.  Forrest's testimony was that stopped and "punched" the gas.  Based on this testimonial evidence, we find the State presented sufficient evidence from which the trial court could reasonably conclude Appellant acted knowingly.

{¶19} Under this assignment of error, Appellant also argues the only testimony that might support the conviction was Santiago's, which Appellant argues, is not credible.   Appellant points out: (1) he had no reason to want to damage Santiago's property because they had always been friendly; (2)  Santiago's girlfriend's testimony was contradictory; and (3) because Santiago may have exaggerated his request for restitution, his testimony as to other facts of the incident is not reliable.

{¶20} We are mindful the weight of evidence and credibility of witnesses are issues to be decided by the trier of fact.  *State v. Dye,* 82 Ohio St. 3d 323, 329, 695 N.E.2d 763 (1998); *State v. Frazier,* 73 Ohio St. 3d 323,339, 652 N.E.2d 1000 (1995); *State v. Williams,* 73 Ohio St. 3d 153,

165, 652 N.E.2d 721 (1995); *State v. Vance,* 4th Dist. No. 03CA27, 2004-

Ohio-5370, 2004 WL 2260498, ¶ 9.  We also acknowledge that the trier of

fact is in a much better position than an appellate court to view witnesses

and observe their demeanor, gestures, and voice inflections, and to use those

observations to weigh the credibility of the testimony.  See *Myers v. Garson,*

66 Ohio St. 3d  610, 615, 614 N.E.2d 742 (1993); *Seasons Coal. Co. v.*

*Cleveland,* 10 Ohio St. 3d 77, 80, 461 N.E.2d 1273 (1984); *Vance,* ¶ 9.  The

trial court made these comments when finding Appellant guilty:

> You look at the totality of the facts in a case like this, you
> listen to witnesses, you try to compare what's going on.  First
> of all, there is knowingly intent- - knowingly part of the statute.
> That's my quersh (sic.) here.  Your picture to me is totally
> irrelevant and I'll tell you why.  That picture does not display
> the whole road.  It is a very selective picture.  It's just part of
> the road and it does show a spin track without any recognition
> of where the tire was.
>
> Despite your testimony, you also said the car swerved to
> your right, however, in your own evidence presents a straight
> tire track in there and swerved to the - - I'm sorry, you say you
> swerved to the left when you were on the stand.  There was no
> swerve to the left.  I try to listen very closely to what's being
> said here, sir.

{¶21} Appellant argues the two had always been friendly and he had

no reason to want to damage Santiago's property.  We do not find this

persuasive as to a lack of credibility for the reason that Santiago himself also

testified the two had been on friendly terms prior to the incident.

{¶22} Appellant also argues Heidi Forrest's testimony contradicted Santiago's testimony on every detail. Appellant points to Forrest's testimony that she watched Appellant driving up the hill; that the gravel spinning took place for 15-20 seconds; that no gravel hit the house; and that she could not see dents on the vehicle. The fact that Santiago testified that he saw Appellant's car spinning out next to his as contrasted with Forrest's testimony that they watched Appellant drive up the hill and stop next to Santiago's car makes no material difference. Nor do we find it problematic that Forrest estimated the time differently than Santiago did, did not testify gravel hit the house (as did Santiago), and did not testify she saw dents. Persons may perceive events differently. What is crystal clear is that both Forrest and Santiago saw Appellant's car stopped for a period of time, next to their vehicle, spinning the gravel which caused damage.

{¶23} Finally, Appellant argues Santiago is not a credible witness because his request for restitution was exaggerated. Therefore, Appellant contends other facts Santiago testified to should not have been relied upon. Indeed, the transcript does reflect the trial court found the restitution figures to be inflated. However, the trier of fact is free to believe all, part or none of the testimony of each witness who appears before it. See *State v. Long,* 127 Ohio App.3d 328, 335, 713 N.E.2d 1 (4th Dist. 1998); *State v. Nichols,* 85

Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist. 1993); *State v. Harriston,* 63

Ohio App.3d 58, 63 577 N.E.2d 1144 (8th Dist. 1989); *Vance,* ¶ 9.

{¶24} For the foregoing reasons, we find there was sufficient evidence

that Appellant acted knowingly when he spun his tires and caused damage to

Santiago's car. As such, we overrule assignment of error number one and

affirm the judgment of the trial court.

ASSIGNMENT OF ERROR TWO

II.     THE JUDGE'S FINDING THAT APPELLANT COMMITTED
        CRIMINAL MISCHIEF IN VIOLATION OF R.C. 2909.07(A)(1)
        WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.

{¶25} In determining whether a criminal conviction is against the

manifest weight of the evidence, an appellate court must review the entire

record, weigh the evidence and all reasonable inferences, consider the

credibility of witnesses, and determine whether, in resolving conflicts in the

evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed.  *Dennison,* supra

at ¶ 11; *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997),

citing *State v. Martin,* supra, at 175.  A reviewing court will not reverse a

conviction where there is substantial evidence upon which the court could

reasonably conclude that all the elements of an offense have been proven

beyond a reasonable doubt.  *State v. Johnson,* 58 Ohio St. 3d 40, 41, 567,

N.E.2d 266 (1991); *State v. Eskridge,* 38 Ohio St. 3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus. We realize that the evidence may pass a sufficiency analysis and yet fail under a manifest weight of the evidence test. *Dennison,* supra at ¶ 15. See, *State v. Brooker,* 170 Ohio App.3d 570, 868 N.E.2d 683, 2007-Ohio-588, ¶ 16, citing *Thompkins,* supra.

## B. LEGAL ANALYSIS

{¶26} For the sake of brevity, Appellant relies on his prior arguments as set forth in assignment of error one that the conviction is against the manifest weight of the evidence. Appellant reiterates Santiago was a poor witness whose exaggerated version of events was contradicted by his own girlfriend and undermined by his attempt to use or abuse the restitution process. Despite his assertions, we find this assignment of error must also fail. In making this finding, we have had to consider the same arguments.

{¶27} It is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony. *State v. Lunsford,* 12th Dist. No. CA2010-10-021, 2011-Ohio-6259, 2011 WL 6382534, ¶ 17. See *State v. White,* 12th Dist. No. CA2003-09-240, 2004-Ohio-3914. Further, "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar

competence of the factfinder, who has seen and heard the witness."

*Lunsford, supra*, citing *State v. Rhines,* 2nd Dist. No. 23486, 2010-Ohio-

3117, ¶ 39. (upholding a conviction for aggravated menacing following a

bench trial.)

{¶28} In *State v. Matthews,* 8th Dist. No. 97916, 2012 WL 5463037,

the defendant was charged and convicted of six counts of felonious assault.

On appeal, she argued there was no evidence she acted knowingly in hitting

victims with her car.   In the alternative, she argued her convictions were

against the manifest weight of the evidence.  The facts showed Matthews

drove her vehicle in reverse at a high rate of speed in a crowded parking lot,

thereby hitting the victims.  Matthews contended her actions were by

accident and she was merely trying to escape the area because she believed

she was in danger from the crowd present.   The appellate court reiterated

"The choice between credible witnesses and their conflicting testimony rests

solely with the finder of fact and appellate court may not substitute its

judgment for that of the trier of fact." *Matthews,* Id. at ¶34, quoting *State v.*

*Awan*, 22 Ohio St. 3d 120, 123, 489 N.E. 2d 277 (1986).  Here, the trial

court opted to believe the prosecution's version of the facts.   We cannot say

the trial court clearly lost its way and created such a miscarriage of justice

that the conviction must be reversed.  As such, we overrule Appellant's

second assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

# __JUDGMENT ENTRY__

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Hoover, J.: Concurs in Judgment and Opinion.
Harsha, J.:  Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**