[Cite as *State v. Tolle*, 2013-Ohio-5568.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                           :
                                         :
    Plaintiff-Appellee,                 :       Case No.  13CA964
                                         :
    vs.                                 :
                                         :       DECISION AND JUDGMENT
CHRISTOPHER TOLLE,                       :       ENTRY
                                         :
    Defendant-Appellant.                :       **Released: 12/11/13**
_____
APPEARANCES:

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant State
Public Defender, Columbus, Ohio, for Appellant.

C. David Kelley, Adams County Prosecuting Attorney, and Michele L.
Harris, Assistant Adams County Prosecutor, West Union, Ohio, for
Appellee.
_____

McFarland, P.J.

{¶1} Christopher Tolle appeals his convictions and sentences for

breaking and entering, a fifth degree felony in violation of R.C. 2911.13(A),

and theft, a first degree misdemeanor in violation of R.C. 2913.02(A)(1)

imposed by the Adams County Court of Common Pleas after he was found

guilty by a jury.  On appeal, Appellant contends that 1) his convictions for

breaking and entering and theft were supported by insufficient evidence in

violation of his right to due process; 2) his convictions for breaking and

entering and theft were against the manifest weight of the evidence and in violation of his right to due process; and 3) the trial court erred when it ordered restitution in the amount of $630.00 when the only economic loss contained in the record was estimated to be $230.00. Having determined that Appellant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence, Appellant's first and second assignments of error are overruled. Further, having found no plain error in the trial court's award of restitution, Appellant's third assignment of error is overruled. Accordingly, Appellant's convictions and sentences are affirmed.

FACTS

{¶2} At 9:00 a.m. on February 28, 2012, Jeanne Wilson arrived at Crossroads Dairy Bar in Seaman, Ohio, to find the back door open. Jeanne Wilson is the daughter of Melissa Hupp, owner of Crossroads Dairy Bar. Upon entering, Wilson noted there were footlongs thrown in the pizza oven, ice cream that had been run out of the machine, and there were "pop and cups sitting around." Wilson further noted potato chips, ice cream, a bucket of pennies and change from the cash register were missing. Also missing were baby shower gifts being stored there. Wilson later noted that the backdoor's screen window had been removed and was on the ground near

the store.  Deputy Mark Brewer responded to the call about the break-in. Upon arriving he took photographs and made a report.

{¶3}  Subsequently, on October 18, 2012, Christopher Tolle was indicted on one count of breaking and entering, a fifth degree felony in violation of R.C. 2911.13(A), and one count of theft, a first degree misdemeanor in violation of R.C. 2913.02(A)(1), both stemming from the incident at the Crossroads Dairy Bar.  The matter was tried to a jury on March 25, 2013.  The State presented four witnesses, which included Melissa Hupp, Jeanne Wilson, Deputy Mark Brewer, and Christopher Abbott.

{¶4}  Jeanne Wilson testified to arriving at the dairy bar on the day in question to find the back door open and items missing and in disarray. Melissa Hupp testified regarding being the owner of the business.  She testified that the door had been locked and that no one had been given permission to enter the building or remove property from the building.  She also testified to the value of certain items that were taken, which amounted to approximately $230.00.  Deputy Brewer testified that he responded to the call regarding the break in that occurred at the dairy bar and that when he arrived he noted that "[s]omebody had jimmied with the screen on the back door and reached through and unlocked it and went inside."

{¶5} He further testified to what he found inside, which indicated evidence that someone had ransacked the bathroom, as well as eaten some food and ice cream. He stated that he took photographs of his findings. At that time eight photographs were entered into evidence, which consisted of the state of the dairy bar after the break-in, as well as a photograph of the bathroom area where there appeared to be some blue latex gloves laying on the floor. Lastly, Deputy Brewer testified that he was familiar with Appellant and identified him by name as being present in the courtroom.

{¶6} Finally, Christopher Abbott testified on behalf of the State. Abbott testified that he was with Appellant on the night of the dairy bar break-in, and that he was the lookout while Appellant entered the dairy bar through the back. He testified that he also entered the dairy bar to tell Appellant to hurry up. He further testified that their purpose in entering the dairy bar was to take stuff, and that they took pop, ice cream and chips. He testified that he saw Appellant take some gift bags and that when the two got back into Appellant's car, Appellant had approximately twenty dollars worth of loose change. Abbott also testified that Appellant wore blue latex gloves while he was in the dairy bar, which he had seen Appellant use previously while tattooing. Abbott identified the blue latex gloves in the photos as the ones Appellant was wearing. Abbott further testified that he was currently

on probation as a result of being convicted of breaking and entering into the Crossroads Dairy Bar. He stated that he was not promised any "deals" for testifying.

{¶7} At the close of the State's evidence, Appellant moved for acquittal pursuant to Crim.R. 29, which was denied by the trial court. Appellant then rested his case, without presenting any evidence or witnesses. The jury ultimately found Appellant guilty of both charges, breaking and entering and theft. As a result, the trial court sentenced Appellant to an eleven month term of imprisonment on the felony charge and a six month term of local incarceration on the misdemeanor charge, to be served concurrently. The trial court further ordered Appellant to pay $630.00 in restitution, as well as the costs of prosecution.[1] It is from these convictions and sentences that Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.    CHRISTOPHER TOLLE'S CONVICTIONS FOR BREAKING AND ENTERING AND THEFT WERE SUPPORTED BY INSUFFICIENT EVIDENCE IN VIOLATION OF TOLLE'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

---

[1] The restitution order specified as follows: "The defendant is further ordered to pay restitution to the victim, Michelle Hupp, in the amount of $630.00, jointly and severally with convicted co-defendant, Christopher Abbott.

II.    CHRISTOPHER TOLLE'S CONVICTIONS FOR BREAKING AND ENTERING AND THEFT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF TOLLE'S RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITIED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION

III.   THE TRIAL COURT ERRED WHEN IT ORDERED RESTITUTION IN THE AMOUNT OF $630 WHEN THE ONLY ECOMONIC LOSS CONTAINED IN THE RECORD WAS ESTIMATED TO BE $230."

ASSIGNMENT OF ERROR I

{¶8} In his first assignment of error, Appellant contends that his convictions for breaking and entering and theft were supported by insufficient evidence and therefore violated his right to due process. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Dennison*, 4th Dist. Washington No. 06CA48, 2007-Ohio-4623, ¶ 9. See, e .g. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus (superseded on other grounds by constitutional amendment). See *State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668 (1997). The relevant inquiry is whether, after viewing the evidence in a light most favorable to

the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.; citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979).

{¶9} A sufficiency of the evidence challenge tests whether the state's case is legally adequate to satisfy the requirement that it contain prima facie evidence of all elements of the charged offense. See *State v. Martin*, 20 Ohio App.3d 172, 174, 485 N.E.2d 717 (1st Dist.1983), and *Carter v. Estell* (CA 5, 1982), 691 F.2d 777,778. It is a test of legal adequacy, rather than a test of rational persuasiveness. *Dennison*, supra at ¶ 10.

{¶10} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence," *State v. Martin*, supra, at 174. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact [to fairly] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *State v. Thomas*, 70 Ohio St.2d 79, 79-80, 434 N.E.2d 1356 (1982); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶11} Here, Appellant was charged with breaking and entering in violation of R.C. 2911.13(A) and theft in violation of R.C. 2913.02(A)(1). R.C. 2911.13(A) provides as follows:

"(A)  No person by force, stealth, or deception, shall trespass in

an unoccupied structure, with purpose to commit therein any

theft offense, as defined in section 2913.01 of the Revised

Code, or any felony."

R.C. 2913.02(A)(1) provides as follows:

"(A) No person, with purpose to deprive the owner of property

or services, shall knowingly obtain or exert control over either

the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to

give consent[.]"

{¶12}  Here, Appellant contends that his convictions were supported by insufficient evidence.  In support of his contention, he argues that the only evidence connecting him to the break-in was the testimony of Christopher Abbott, who was already found guilty of breaking and entering into the dairy bar, and who was currently on probation as a result.  He also argues that despite Abbott's testimony, the State failed to introduce evidence how Appellant entered the dairy bar or his purpose in entering.  Appellant further points out that the police did not recover any of the stolen items from him.

{¶13}  Commonly, there is no direct evidence of a defendant's state of mind and as such, the State must rely on circumstantial evidence to satisfy this element of its case. *In re Horton*, 4th Dist. No. 04CA794, 2005-Ohio-3502, ¶ 23.  A defendant's state of mind may be inferred from the totality of the surrounding circumstances. Id. (internal citations omitted). Circumstantial and direct evidence possess the same probative and evidentiary value. Id.; citing *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991).  "When viewing circumstantial evidence, 'the weight accorded an inference is fact-dependent and can be disregarded as speculative only if reasonable minds can come to the conclusion that the inference is not supported by the evidence.' " *Jenks*, supra; quoting *Wesley v. The McAlpin Co.*, 1st Dist. No. C9305286, need WL cite (May 25, 1994); citing *Donaldson v. Northern Trading Co.*, 82 Ohio App.3d 476, 483, 612 N.E.2d 754(1992).

{¶14}  While Appellant argues there is insufficient evidence to prove how he entered the dairy bar and what his purpose was in entering, he disregards Hupp's testimony that the door was locked and that no one had been given permission to enter the dairy bar, as well as Deputy Brewer's testimony that upon arrival it appeared the screen on the backdoor had been "jimmied."  He also disregards Abbott's testimony that the purpose in going

there was "to take stuff" and that Abbott served as the look out while Appellant entered the dairy bar. We believe this evidence passes the sufficiency test. A reasonable trier of fact could infer that Appellant trespassed into the dairy bar, an unoccupied structure, by force, with purpose to commit a theft offense therein, and once inside did, without the consent of the owner, exert control over her property. Thus, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt.

{¶15} With respect to Appellant's claim that Abbott's testimony was not credible, we are mindful the weight of evidence and credibility of witnesses are issues to be decided by the trier of fact. *State v. Dye*, 82 Ohio St.3d 323, 329, 695 N.E.2d 763 (1998); *State v. Frazier*, 73 Ohio St.3d 323, 339, 652 N.E.2d 1000 (1995); *State v. Williams*, 73 Ohio St.3d 153, 165, 652 N.E .2d 721 (1995); *State v. Vance*, 4th Dist. Athens No. 03CA27, 2004-Ohio-5370, ¶ 9. We also acknowledge that the trier of fact is in a much better position than an appellate court to view witnesses and observe their demeanor, gestures, and voice inflections, and to use those observations to weigh the credibility of the testimony. See *Myers v. Garson*, 66 Ohio St.3d 610, 615, 614 N.E.2d 742 (1993); *Seasons Coal. Co. v. Cleveland*, 10 Ohio

St.3d 77, 80, 461 N.E.2d 1273 (1984); *Vance*, ¶ 9. Further, the trier of fact is free to believe all, part or none of the testimony of each witness who appears before it. See *State v. Long*, 127 Ohio App.3d 328, 335, 713 N.E.2d 1 (4th Dist.1998); *State v. Nichols*, 85 Ohio App.3d 65, 76, 619 N.E.2d 80 (4th Dist .1993); *State v. Harriston*, 63 Ohio App.3d 58, 63, 577 N.E.2d 1144 (8th Dist.1989); *Vance*, ¶ 9.

{¶16} Thus, despite Appellant's argument that Abbott was not a credible witness, issues of Abbott's credibility and weight to be afforded to his testimony were within the province of the jury. Although the jury was free to reject Abbott's testimony, it did not. For the foregoing reasons, we find there was sufficient evidence that Appellant committed the crimes of breaking and entering and theft. Accordingly, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶17} In his second assignment of error, Appellant contends that his convictions for breaking and entering and theft were against the manifest weight of the evidence. In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in

the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Dennison*, supra at ¶ 11; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *State v. Martin*, supra, at 174.

{¶18} A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Johnson*, 58 Ohio St.3d 40, 41, 567, N.E.2d 266 (1991); *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), paragraph two of the syllabus. We realize that the evidence may pass a sufficiency analysis and yet fail under a manifest weight of the evidence test. *Dennison*, supra at ¶ 15. See, *State v. Brooker*, 170 Ohio App.3d 570, 868 N.E.2d 683, 2007-Ohio-588, ¶ 16; citing *Thompkins*, supra.

{¶19} Appellant raises no new arguments in support of this assignment of error, but instead relies on the same argument raised in support of his sufficiency argument above to now argue that his conviction was against the manifest weight of the evidence. In considering this assignment of error, we consider the same evidence as we considered in determining that Appellant's convictions were supported by sufficient evidence. As set forth above, although evidence may pass a sufficiency

analysis but fail under a manifest weight of the evidence test, we do not find that situation at play here.

{¶20} Once again, Appellant's primary dispute seems to be with the weight the jury afforded the testimony of Christopher Abbott. However, "[t]he decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6259, ¶ 17; citing *State v. Rhines*, 2nd Dist. Montgomery No. 23486, 2010-Ohio-3117, ¶ 39. Furthermore, we note that there was no conflicting evidence for the jury to consider as Appellant chose not to testify and presented no witnesses or other evidence in his defense. Here, the jury opted to believe the State's version of the events, which included the testimony of Abbott. We cannot say that the jury lost its way or created such a miscarriage of justice that Appellant's conviction must be reversed. Accordingly, Appellant's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

{¶21} In his third assignment of error, Appellant contends that the trial court erred in ordering $630.00 in restitution, claiming that the record only contained economic loss of $230.00.

{¶22} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio announced the standard for appellate review of felony sentences which involves a two-step analysis. First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the sentence is not clearly and convincingly contrary to law, we review the trial court's sentence for an abuse of discretion. Id. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶23} R.C. 2929.18 governs the imposition of financial sanctions and provides in section (A)(1) as follows:

> "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a

fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose

restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

If the court imposes restitution, the court may order that the offender pay a surcharge of not more than five per cent of the amount of the restitution otherwise ordered to the entity responsible for collecting and processing restitution payments. The victim or survivor may request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate."

**{¶24}** A review of the record indicates that Appellant did not object to the amount of the restitution ordered below.  A defendant who fails to object to the amount of restitution waives all but plain error. *State v. Johnson*, 4th Dist. Washington No. 03CA11, 2004-Ohio-2236, at ¶ 8-9. "[T]here are 'three limitations on a reviewing court's decision to correct [a waived error]. First, there must be an error, i.e., a deviation from a legal rule.

* * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' [The Supreme Court of Ohio has] interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Lynn*, 129 Ohio St.3d 146, 2011-Ohio-2722, 950 N.E.2d 931, ¶ 13; quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Regarding the third limitation, "reversal is warranted only when the outcome of the trial clearly would have been different without the error." *State v. Beebe*, 4th Dist. Hocking No. 10CA2, 2011-Ohio-681, ¶ 10; citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph two of the syllabus (1978).

{¶25}  Yet "[e]ven when all three prongs are satisfied, a court still has discretion whether or not to correct the error." *Lynn* at ¶ 14; citing *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, at ¶ 62. Courts are "to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " Id. at ¶ 14; quoting *Barnes* at 27; quoting *Long* at paragraph three of the syllabus.

Here, Appellant claims that the record only supports a restitution award of $230.00 rather than $630.00.  The record reveals that, in addition to evidence presented a trial, the trial court relied upon information permitted

by R.C. 2929.18(A)(1), specifically, a pre-sentence investigation report indicating the amount of restitution due. Although the testimony presented at trial did indicate economic loss of approximately $230.00,[2] the PSI relied upon by the trial court contained more detailed information. Specifically, the PSI stated as follows with respect to restitution:

> "According to records provided by the Adams County Prosecutors Office additional items were stolen that had not been reported on the original police report. Employees at the Dairy Bar were preparing a baby shower for one of the workers and those gifts in the amount of $200.00 were stolen and not claimed as a loss on insurance. Insurance covered all the loss and the owner was required to pay a $250.00 deductible out of pocket. Since the claim was filed their insurance premium has increased $45 per month and they are requesting 4 months reimbursement. Total restitution owed is $630.00 payable to Melissa Hupp."

{¶26} "[T]he amount of the restitution must be supported by competent, credible evidence in the record from which the court can discern the amount of the restitution to a reasonable degree of certainty." *Johnson* at

---

[2] This $230.00 was comprised of the estimated value of the change, ice cream, chips and gifts that were taken from the Dairy Bar.

¶ 10; citing *State v. Sommer*, 154 Ohio App.3d 421, 424, 2003-Ohio-5022, 797 N.E.2d 559, ¶ 12 and *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (1999).  We conclude that here, the record contains competent, credible evidence to support the restitution award and as such, we find no error, let alone plain error, in the trial court's restitution order.  Accordingly, Appellant's third and final assignment of error is overruled.

{¶27}  Having found no merit to any of the assignments of error raised by Appellant, Appellant's convictions and sentences are affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**