[Cite as *State v. Vancleef*, 2014-Ohio-2144.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                        :

      Plaintiff-Appellant,                 :

                                          No. 13AP-703
v.                                                   :      (C.P.C. No. 13CR-01-0418)

Quentin Vancleef,                                    :      (REGULAR CALENDAR)

      Defendant-Appellee.                  :

---

D E C I S I O N

Rendered on May 20, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellant.

*Robert E. Cesner, Jr.*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the decision of the Franklin County Court of Common Pleas, which dismissed defendant-appellee Quentin Vancleef's indictment for domestic violence. For the following reasons, we reverse the decision of the trial court and remand the matter for further proceedings.

## I. BACKGROUND

{¶ 2} On January 28, 2013, appellee was indicted on one count of domestic violence, a third-degree felony, in violation of R.C. 2919.25. According to the indictment, appellee was previously convicted of both domestic violence, in violation of R.C. 2919.25, and criminal mischief, a third-degree misdemeanor, in violation of R.C. 2909.07, involving a person who was a family or household member at the time of the violation.

{¶ 3}  In the trial court, appellee filed a "Motion to Dismiss Indictment" and argued because his conviction for criminal mischief did not involve the "risk of harm to a person," there was no "victim," and, therefore, the conviction did not qualify to enhance the degree of domestic violence from a misdemeanor offense to a felony offense of domestic violence.   According to appellee, only first-degree misdemeanor criminal mischief convictions, which include a risk of harm to a person, were intended to enhance offenses of domestic violence.   Appellee did not challenge that his prior conviction of domestic violence qualifies as an enhancing offense under R.C. 2919.25(D)(3).   Appellant filed a response and argued that a "common sense reading of R.C. 2919.25 shows that the enhancement part of the statute includes all of R.C. 2909.07, regardless of the degree of misdemeanor."  (Emphasis omitted.)

{¶ 4}  In granting appellee's motion to dismiss, the trial court agreed with the reasoning of appellee and determined "Defendant's third degree misdemeanor conviction for criminal mischief may not be used to enhance Defendant's domestic violence indictment to a felony of the third degree."   (Decision and Entry Granting Defendant's Motion to Dismiss Indictment Filed April 8, 2013, 4.)  This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶ 5}  Appellant brings the following assignments of error for our review:

[I.]  The common pleas court erred in dismissing the charge of third-degree felony domestic violence based on its conclusion that defendant's prior conviction for criminal mischief could not serve as a cognizable prior conviction raising the degree of the offense.

[II.] The common pleas court erred in dismissing the entire indictment when the court only should have dismissed the challenged prior-conviction allegation, thereby leaving in place the lesser-included offense of fourth-degree felony domestic violence.

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 6}  Appellant's first assignment of error involves a question of statutory interpretation, namely the application of R.C. 2925.19 and 2901.04(C).   Statutory interpretation is a question of law that we review de novo.  *Aubry v. Univ. of Toledo Med.*

*Ctr.*, 10th Dist. No. 11AP-509, 2012-Ohio-1313, ¶ 10, citing *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13. The primary goal of statutory interpretation is to determine and give effect to the General Assembly's intent in enacting the statute. *Id.* To determine legislative intent, we first consider the statutory language in context, construing the words and phrases according to rules of grammar and common usage. *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16. However, " ' "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." ' " *Banks* at ¶ 13, quoting *State v. Palmer*, 10th Dist. No. 09AP-956, 2010-Ohio-2421, ¶ 20, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

{¶ 7} Appellant asserts that the trial court erred in concluding appellee's conviction for criminal mischief in violation of R.C. 2909.07 could not enhance the offense of domestic violence. Specifically, appellant argues both that a conviction for criminal mischief under R.C. 2907.09, no matter the degree of offense, qualifies to enhance the offense of domestic violence and that a victim of third-degree misdemeanor criminal mischief is a "victim" for purposes of R.C. 2919.25(D)(3).

{¶ 8} In support of the trial court's decision, appellee argues that his conviction for third-degree misdemeanor criminal mischief does not qualify as an enhancing offense because R.C. 2901.04(C), a rule of statutory construction, requires a conviction that enhances an offense of domestic violence to be "substantially equivalent" to said offense. According to appellee, domestic violence and third-degree misdemeanor criminal mischief are not substantially equivalent offenses because criminal mischief does not involve the risk of physical harm to a person. Additionally, appellee claims because victims of third-degree misdemeanor criminal mischief do not suffer a risk of physical harm, they are not "victims" for purposes of R.C. 2919.25(D)(3).

{¶ 9} R.C. 2919.25(A) entitled "Domestic Violence" provides "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Generally, a violation of R.C. 2919.25(A) is a first-degree misdemeanor. However, R.C. 2919.25(D)(4) provides that a violation of R.C. 2919.25(A) will be enhanced to a felony of the third degree if:

> [T]he offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses.

{¶ 10} Under R.C. 2919.25 (D)(3), "offenses" that enhance a violation of section (A) to a higher offense include previous convictions for:

> [D]omestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, **2909.07**, 2911.12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation.

(Emphasis added.)

{¶ 11} R.C. 2909.07(A)(1), entitled "Criminal mischief," provides "[n]o person shall: [w]ithout privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another." R.C. 2901.04(C), a rule of statutory construction, states:

> Any provision of a section of the Revised Code that refers to a previous conviction of or plea of guilty to a violation of a section of the Revised Code * * * shall be construed to also refer to a previous conviction of * * * a substantially equivalent offense under an existing or former law of this state, another state, or the United States or under an existing or former municipal ordinance.

{¶ 12} We first address appellee's argument that, under R.C. 2901.04(C), a conviction for third-degree misdemeanor criminal mischief cannot enhance the offense of domestic violence because they are not substantially equivalent offenses. As stated above, R.C. 2901.04(C) provides that a prior conviction under a now expired statute may still qualify as an enhancing conviction if the prior offense is "substantially equivalent" to the present version of said offense. Here, appellee was not convicted of criminal mischief under a now expired statute. Indeed, appellee was convicted of criminal mischief in violation of R.C. 2909.07, the present version of the criminal mischief statute. As such, we find R.C. 2901.04(C) to be inapplicable.

{¶ 13} Because the plain and unambiguous language of R.C. 2919.25(D)(3) states without qualification that a previous conviction in violation of R.C. 2909.07 enhances the degree of domestic violence, we find appellee's prior conviction for third-degree misdemeanor criminal mischief, in violation of R.C. 2909.07, qualifies to enhance the offense of domestic violence from a first-degree misdemeanor to a third-degree felony.

{¶ 14} We next address appellee's argument that, because a third-degree misdemeanor violation of R.C. 2909.07 does not involve the risk of physical harm to a person, there is no "victim" as required by R.C. 2919.25(D)(3). R.C. 2919.25(D)(3) provides, in relevant part, that a previous conviction for a violation of R.C. 2909.07 will enhance the offense of domestic violence "if the victim of the violation was a family or household member at the time of the violation."

{¶ 15} This court has previously described a property owner as a "victim" of criminal mischief in violation of R.C. 2909.07(A)(1). *State v. Guade*, 10th Dist. No. 11AP-718, 2012-Ohio-1423, ¶ 1, 17. Several other Ohio courts have similarly described property owners as "victims" of third-degree misdemeanor criminal mischief, in violation of R.C. 2909.07. *See State v. Krutowsky*, 8th Dist. No. 81545, 2003-Ohio-1731, ¶ 4; *State v. Saunders*, 4th Dist. No. 13CA10, 2013-Ohio-3771, ¶ 1-2. These cases are consistent with Black's Law Dictionary, which defines "victim" as "[a] person harmed by a crime, tort, or other wrong." Black's Law Dictionary 1703 (9th Ed.2009).

{¶ 16} Here, the trial court concluded that a victim of third-degree misdemeanor criminal mischief did not meet the definition of "victim" for purposes of R.C. 2919.25(D)(3). In light of the definition of "victim" espoused by this court, as well as several other Ohio courts, we find that victims of third-degree misdemeanor criminal mischief are "victims" for purposes of R.C. 2919.25(D)(3).

{¶ 17} Having found both that a third-degree criminal mischief conviction qualifies to enhance a charge of domestic violence and that victims of third-degree criminal mischief are "victims" for purposes of R.C. 2919.25, we find the trial court erred in concluding that appellee's criminal mischief conviction cannot enhance the offense of domestic violence.

{¶ 18} Accordingly, appellant's first assignment of error is sustained.

## B. Second Assignment of Error

{¶ 19} Our disposition of appellant's first assignment of error renders appellant's second assignment of error moot.

## IV. CONCLUSION

{¶ 20} For the foregoing reasons, appellant's first assignment of error is sustained, and appellant's second assignment of error is rendered moot. The judgment of the Franklin County Court of Common Pleas granting the motion to dismiss indictment is reversed, and this matter is remanded to that court for further proceedings.

*Judgment reversed; cause remanded.*

BROWN and DORRIAN, JJ., concur.

_____