[Cite as *State v. R.D.*, 2014-Ohio-5100.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-847 |
| | | (C.P.C. No. 12CR-5584) |
| v. | : | and |
| | | No. 13AP-1059 |
| [R.D.], | : | (C.P.C. No. 12CR-4024) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 18, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Timothy Young*, Ohio Public Defender, and *Sheryl Trzaska*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} In these consolidated appeals, defendant-appellant, R.D., challenges his convictions for burglary and three counts of felonious assault entered by the Franklin County Court of Common Pleas ("adult court"). For the reasons that follow, we affirm in part and reverse in part.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On February 16, 2012, in case No. 12JU-2245, a delinquency complaint was filed in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch ("juvenile court") against appellant, then 16 years old, charging him with aggravated robbery, in violation of R.C. 2911.01(A)(1); robbery, in violation of R.C. 2911.02(A)(1); felonious assault, in violation of R.C. 2903.11(A)(1); and kidnapping, in

violation of R.C. 2905.01(A)(2).  The offenses were allegedly committed on or about February 9, 2012, against J.W., while appellant displayed a handgun.  If committed by an adult, the offenses would have been felonies.

{¶ 3}  On March 5, 2012, in case No. 12JU-2968, another delinquency complaint was filed in the juvenile court charging appellant with felonious assault, in violation of R.C. 2903.11(A)(2), with a firearm specification.  The offense was allegedly committed on or about February 8, 2012, against E.H.  If committed by an adult, the offense would have been a felony.

{¶ 4}  On March 20, 2012, in case No. 12JU-4021, a third delinquency complaint was filed in the juvenile court charging appellant with burglary, in violation of R.C. 2911.12(A)(2); two counts of grand theft of a firearm, in violation of R.C. 2913.02(A)(1); and theft, in violation of R.C. 2913.02(A)(1).  The offenses were allegedly committed on or about February 8, 2012, against C.Y.  If committed by an adult, the offenses would have been felonies.

{¶ 5}  The juvenile court ultimately granted the state's motion to transfer the three cases to adult court.  In case No. 12JU-2245, the juvenile court transferred the aggravated robbery charge pursuant to the mandatory bindover provision, R.C. 2152.12(A), and the remaining charges under the discretionary bindover provision, R.C. 2152.12(B), in conjunction with R.C. 2152.12(F).  In the other two cases, the juvenile court granted the state's motions to transfer the cases under the discretionary bindover provision in R.C. 2152.12(B), in conjunction with R.C. 2152.12(F).  Prior to transferring the cases to adult court, the juvenile court did not conduct an amenability hearing described by R.C. 2152.12(B)(3) or obtain appellant's waiver of such hearing.

{¶ 6}  The matters proceeded in adult court under two case numbers, 12CR-4024 and 12CR-5584.  In case No. 12CR-4024, all three transfer entries were filed.  However, the indicted charges only pertained to the incident with J.W. that had been at issue in case No. 12JU-2245.  Specifically, appellant was indicted on the following charges, all with firearm specifications: aggravated robbery, in violation of R.C. 2911.01; two counts of robbery, in violation of R.C. 2911.02; and felonious assault, in violation of R.C. 2903.11.

{¶ 7}   In case No. 12CR-5584, none of the transfer entries were filed but appellant was indicted on eight counts[1] pertaining to the incidents at issue in case Nos. 12JU-4021 and 12JU-2968 and an incident with B.S., which was not the subject of any charges in the complaints filed in the juvenile court.  Specifically, appellant was indicted for: burglary of C.Y.'s home, in violation of R.C. 2911.12; two counts of grand theft of a firearm from C.Y., in violation of R.C. 2913.02; theft from C.Y., in violation of R.C. 2913.02; felonious assault of B.S., in violation of R.C. 2903.11; attempted aggravated burglary of B.S., in violation of R.C. 2923.02 and 2911.11; felonious assault of E.H., in violation of R.C. 2903.11; and attempted aggravated robbery of E.H., in violation of R.C. 2923.02 and 2911.01.  Each count had a firearm specification.

{¶ 8}   In case No. 12CR-4024, appellant pled guilty to the felonious assault of J.W., a second-degree felony, with a firearm specification, and the adult court entered a nolle prosequi as to the remaining counts.  In case No. 12CR-5584, appellant pled guilty to the burglary of C.Y.'s home without a specification and the felonious assaults of B.S. and E.H. with specifications.  The adult court entered a nolle prosequi as to the remaining counts against appellant.

{¶ 9}   The adult court sentenced appellant in both cases but implicitly stayed his sentences and returned the matters to the juvenile court for an R.C. 2152.121 reverse bindover hearing.  In both adult court cases, appellant stipulated, for purposes of the R.C. 2152.121 hearing, that he was not amenable to care or rehabilitation within the juvenile system, the safety of the community required he be subject solely to adult sanctions, and certain factors that supported discretionary transfer of the cases to adult court outweighed the considerations against a discretionary transfer.  He also waived the investigation, including mental examination, required by R.C. 2152.12 and Juv.R. 30(C).  The juvenile court accepted these stipulations and transferred the matters back to the adult court, which then imposed the sentences.

## II. ASSIGNMENT OF ERROR

{¶ 10} Appellant assigns the following single assignment of error for our review:

---

[1] The indictment contains 13 counts. The first 8 counts are against appellant and R.M., but the remaining 5 counts are only against R.M.

> The Franklin County Court of Common Pleas committed plain error when it convicted and sentenced [appellant] for burglary and felonious assault, because it did not have subject matter jurisdiction over those cases. *State v. Brown*, 10th Dist. Franklin No. 1[3]AP-349, 2014-Ohio-314; R.C. 2152.12; Fourteenth Amendment to the United States Constitution; Section 16, Article I of the Ohio Constitution.

## III. DISCUSSION

{¶ 11} "The juvenile court has exclusive original jurisdiction to hear complaints alleging that a juvenile is a delinquent child by reason of having committed an offense that would be a crime if committed by an adult." *State v. Brown*, 10th Dist. No. 13AP-349, 2014-Ohio-314, ¶ 14, citing *State v. Lucas*, 10th Dist. No. 10AP-923, 2011-Ohio-3450, ¶ 19, citing *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, ¶ 11, and R.C. 2151.23(A).

{¶ 12} "R.C. 2152.12 establishes procedures for both mandatory and discretionary transfers of juvenile cases that allege conduct that would be criminal if engaged in by an adult." *Id.* at ¶ 14. Where a juvenile court purports to transfer a juvenile case to adult court without having complied with the proper procedures in R.C. 2152.12, the adult court proceeds in the absence of subject-matter jurisdiction and any judgment entered by the adult court is a nullity and void ab initio. *See id.* at ¶ 29, citing *State v. Wilson,* 73 Ohio St.3d 40, 44 (1995); *State v. King,* 6th Dist. No. L-12-1013, 2013-Ohio-1265, ¶ 10; *State v. Hanning,* 10th Dist. No. 98AP-380 (Feb. 9, 1999).

{¶ 13} In this appeal, the parties offer competing interpretations of R.C. 2152.12 and its application to appellant's juvenile cases. We review statutory interpretation questions de novo:

> The primary goal of statutory interpretation is to determine and give effect to the General Assembly's intent in enacting the statute. *Id.* To determine legislative intent, we first consider the statutory language in context, construing the words and phrases according to rules of grammar and common usage. *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16. However, " ' "[w]here the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." ' " [*State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252] at ¶ 13, quoting *State v.*

> *Palmer*, 10th Dist. No. 09AP−956, 2010-Ohio-2421, 20, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus.

*State v. Vancleef*, 10th Dist. No. 13AP-703, 2014-Ohio-2144, ¶ 6.

## A. MANDATORY BINDOVER

{¶ 14} R.C. 2152.10(A) provides an alleged juvenile delinquent is eligible for mandatory transfer when:

> (2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:
>
> * * *
>
> (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

{¶ 15} R.C. 2152.12(A) establishes the procedure for a mandatory transfer of a case to adult court. R.C. 2152.12(A)(1)(b) provides, in relevant part:

> After a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if the child was sixteen or seventeen years of age at the time of the act charged and either of the following applies:
>
> * * *
>
> (ii) Division (A)(2)(b) of section 2152.10 of the Revised Code requires the mandatory transfer of the case, and there is probable cause to believe that the child committed the act charged.

{¶ 16} A "category two offense" includes aggravated robbery, in violation of R.C. 2911.01. R.C. 2152.02(CC).

## B. DISCRETIONARY BINDOVER

{¶ 17} R.C. 2152.10(B) provides that unless a child is subject to mandatory transfer, discretionary transfer may occur "if a child is fourteen years of age or older at the time of the act charged and if the child is charged with an act that would be a felony if committed by an adult, the child is eligible for discretionary transfer to the appropriate court for criminal prosecution." *See* R.C. 2152.02(I) (defining "discretionary transfer").

{¶ 18} R.C. 2152.12(B) governs the procedure for discretionary transfer and provides:

> Except as provided in division (A) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:
>
> (1) The child was fourteen years of age or older at the time of the act charged.
>
> (2) There is probable cause to believe that the child committed the act charged.
>
> (3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

"An amenability hearing under R.C. 2152.12(B)(3) may be waived provided (1) the juvenile, through counsel, expressly states on the record a waiver of the amenability hearing and (2) the juvenile court engages in a colloquy on the record with the juvenile to determine that the waiver was made knowingly, voluntarily, and intelligently." *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, syllabus.

## C. ELIGIBILITY FOR BOTH MANDATORY AND DISCRETIONARY BINDOVER

{¶ 19} R.C. 2152.12(F) outlines the procedure which must be followed when a juvenile is charged with multiple offenses and one of the charges requires mandatory transfer. When the transfers in the present case occurred, R.C. 2152.12(F) provided:

> (1) Initially, the court shall decide the motion alleging that division (A) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred.
>
> (2) If the court determines that division (A) of this section applies and requires that the case or cases involving one or more of the acts charged be transferred, the court shall transfer the case or cases in accordance with that division. After the transfer pursuant to division (A) of this section, the court shall decide, in accordance with division (B) of this section, whether to grant the motion requesting that the case or cases involving one or more of the acts charged be transferred pursuant to that division. Notwithstanding division (B) of this section, prior to transferring a case pursuant to division (A) of this section, the court is not required to consider any factor specified in division (D) or (E) of this section or to conduct an investigation under division (C) of this section.
>
> (3) If the court determines that division (A) of this section does not require that the case or cases involving one or more of the acts charged be transferred, the court shall decide in accordance with division (B) of this section whether to grant the motion requesting that the case or cases involving one or more of the acts charged be transferred pursuant to that division.

Former R.C. 2152.12(F), 2011 Am.H.B. No. 86 (effective Sept. 30, 2011, amended effective Sept. 28, 2012).[2]

{¶ 20} Here, one or more complaints were filed alleging appellant was a delinquent child for committing two or more acts that would be offenses if committed by an adult, and the state made motions to transfer the cases with regard to R.C. 2152.12(A) and (B).

---

[2] The current version of R.C. 2152.12(F) includes a fourth subsection which states: "(4) No report on an investigation conducted pursuant to division (C) of this section shall include details of the alleged offense as reported by the child."

The parties appear to agree R.C. 2152.12(F) applies in this matter. In case number 12JU-2245, the juvenile court noted a complaint was filed alleging appellant was delinquent by reason of committing the category two offense of aggravated robbery with a firearm as specified in R.C. 2152.10(A)(2)(b). Appellant was 16 years old at the time of the offense, and the juvenile court found probable cause to believe he committed that offense.[3] Therefore, the requirements for mandatory transfer of this case to adult court were satisfied. *See* R.C. 2151.12(A)(1)(b)(ii) and (F).

{¶ 21} Appellant suggests a juvenile court could only execute a mandatory bindover of the aggravated robbery charge under these circumstances. However, the plain language of R.C. 2152.12(A)(1)(b)(ii) requires that a juvenile court "transfer the case" under these circumstances, not just the act charged that formed the basis for the application of R.C. 2152.12(A)(1)(b)(ii). *See generally State v. Bishop*, 8th Dist. No. 89184, 2007-Ohio-6197, ¶ 27 (finding that when the requirements for mandatory bindover under R.C. 2152.12(A)(1)(a) are satisfied, the statute mandates the juvenile court "transfer the case" to adult court, not just the charge that triggers the mandatory bindover provision).

{¶ 22} Furthermore, the juvenile court need not conduct an R.C. 2152.12(B)(3) amenability hearing prior to the transfer even if other offenses charged in the case would not have subjected the case to mandatory transfer. *See* R.C. 2152.12(A)(1)(b)(ii) and (F)(2).

{¶ 23} Accordingly, the juvenile court had to transfer all proceedings in case No. 12JU-2245 under R.C. 2152.12(A)(1)(b)(ii); a pre-transfer amenability hearing was not required. *See* R.C. 2152.12(F)(2). The transfer rendered the state's additional R.C. 2152.12(B) motion in case No. 12JU-2245 unnecessary. Therefore, we find the adult court had subject-matter jurisdiction to convict appellant of the felonious assault of J.W. in case No. 12CR-4024, which stemmed from case No. 12JU-2245.

{¶ 24} Next, the juvenile court, in accordance with R.C. 2152.12(F)(2), had to address the state's discretionary bindover motions in case Nos. 12JU-4021 and 12JU-

---

[3] Appellant incorrectly indicates R.C. 2152.12(A)(1)(b)(ii) also applied because of the charge for kidnapping J.W. Kidnapping, in violation of R.C. 2905.01, is a category two offense. R.C. 2152.02(CC)(1). However, R.C. 2152.12(A)(1)(b)(ii) does not apply unless R.C. 2152.10(A)(2)(b) also applies. R.C. 2152.10(A)(2)(b) does not apply to violations of R.C. 2905.01, the kidnapping statute.

2968. The state maintains once the juvenile court transferred 12JU-2245 under R.C. 2152.12(A), the other two juvenile court cases had to be bound over, and an R.C. 2152.12(B)(3) amenability hearing was not required. In support of its argument, the state emphasizes the last sentence in R.C. 2152.12(F)(2). The state acknowledges we rejected its interpretation of this sentence in *Brown*, and stare decisis dictates that, in the absence of overriding considerations, we adhere to our own previously announced decision. *See State v. Bethel*, 10th Dist. No. 07AP-810, 2008-Ohio-2697, ¶ 26. However, the state argues *Brown* is poorly reasoned,[4] and we should not follow it in the present matter.

{¶ 25} In *Brown*, two complaints were filed in juvenile court against Brown on the same day. The first complaint, which proceeded as juvenile case No. 12JU-5040, alleged Brown committed aggravated robbery on April 9, 2012. *Id.* at ¶ 3-4. The second complaint, which proceeded as juvenile case No. 12JU-5662, alleged Brown committed burglary on April 5, 2012. *Id.* at ¶ 5. The juvenile court transferred case No. 12JU-5040 to adult court under the mandatory bindover provision in R.C. 2152.10(A)(2). *Id.* at ¶ 4, 7. Then the juvenile court transferred case No. 12JU-5662, which was not subject to mandatory bindover but potentially subject to discretionary bindover, to adult court without an amenability hearing or Brown's waiver of such a hearing. *Id.* at ¶ 6, 8-9, 29. The transferred cases proceeded under separate adult court case numbers, and the Franklin County Grand Jury issued an indictment in each case. *Id.* at ¶ 10. Subsequently, the adult court entered a nolle prosequi in the aggravated robbery case. *Id.* at ¶ 12. In the burglary case, Brown pleaded guilty to burglary. *Id.* at ¶ 11.

{¶ 26} On appeal, Brown challenged his judgment of conviction in the burglary case, arguing the adult court did not have subject-matter jurisdiction. *Id.* at ¶ 1, 13. The parties agreed R.C. 2152.12(F)(2) established the procedure the juvenile court had to follow to transfer Brown's cases. *See id.* at ¶ 19. Brown argued, pursuant to that subsection, once the juvenile court executed the mandatory transfer of the aggravated robbery case, the court still had to comply with R.C. 2152.12(B) before it could transfer the burglary case. *See id.* at ¶ 20.

---

[4] *Brown, appeal not accepted*, 139 Ohio St.3d 1418, 2014-Ohio-2487.

{¶ 27} In contrast, the state focused on the last sentence of R.C. 2152.12(F)(2), which again states: "Notwithstanding division (B) of this section, prior to transferring a case pursuant to division (A) of this section, the court is not required to consider any factor specified in division (D) or (E) of this section or to conduct an investigation under division (C) of this section." *Id.* at ¶ 21. The state acknowledged this language was clear, but argued it was meaningless in the context of the statute as a whole. *Id.* The state argued when bindover is mandatory, a juvenile court never has to comply with division (C) of R.C. 2152.12 or consider the factors in division (D) or (E). *See id.* Therefore, the state argued the last sentence of R.C. 2152.12(F)(2) was senseless and urged us to find an error in the sentence and judicially correct the error by replacing the words "division (A)" with the words "division (F)(2)." *Id.* We disagreed with the state's argument and found:

> Arguably, the last sentence of (F)(2) is superfluous because it adds nothing to the procedure imposed elsewhere in R.C. 2152.10 through 12—that is, other statutory divisions establish that a juvenile court need not hold an amenability hearing where the charged offense is a mandatory bindover offense and probable cause exists that the juvenile committed that mandatory bindover offense. But the fact that the last sentence of (F)(2) arguably was unnecessary does not mean that the last sentence is senseless or that the General Assembly intended to enact something other than what is reflected in the clear language it chose. To the contrary, inclusion of the last sentence of (F)(2), if anything, reinforces the conclusion logically drawn from the statutory bindover scheme as a whole. That conclusion is that, in the case of a mandatory bindover offense, a juvenile court need not conduct an amenability hearing or background investigation when it finds the existence of probable cause. But the fact that the General Assembly, in effect, said the same thing twice does not render the second iteration senseless or meaningless, nor does it justify an inference that the legislature meant something else and simply made a drafting mistake.

*Id.* at ¶ 22. We also disagreed with the state's claim that the bill analysis prepared by the Legislative Services Commission supported its position. *Id.* at ¶ 23-24.

{¶ 28} We found the juvenile court failed to comply with R.C. 2152.12 "in transferring the discretionary bindover offense of burglary to the adult court without having first conducted an amenability hearing or obtaining a valid waiver of the right to

an amenability hearing." *Id.* at ¶ 29.  Thus, the adult court in *Brown* proceeded without subject-matter jurisdiction, rendering the judgment of conviction on the burglary charge a nullity and void. *Id.* at ¶ 29-30, 34.  We remanded the matter with instructions for the adult court to transfer the burglary case back to juvenile court for an amenability hearing or proper waiver of such a hearing.  *Id.* at ¶ 34.

{¶ 29} In the present matter, the state again urges us to find the General Assembly did not intend for a juvenile court "to conduct amenability proceedings when a mandatory transfer has already occurred as part of the same proceedings." (Appellee's Brief, 23.)  The state argues the last sentence of R.C. 2152.12(F)(2) is "not free from doubt and does not, by itself, clearly express the sense of the General Assembly." (Appellee's Brief, 14.)  The state argues *Brown* violates various principles of statutory construction, incorrectly interprets Legislative Services Commission bill analysis, and is inconsistent with statements of the Criminal Sentencing Commission.  But, again, unambiguous statutes are to be applied, not interpreted. Nothing in the plain language of R.C. 2152.12, including division (F)(2), permits a juvenile court to transfer all pending cases against a juvenile simply because the court transfers one of the juvenile's cases under R.C. 2152.12(A), and we find no reason to deviate from our previous decision in *Brown*.

{¶ 30} Applying R.C. 2152.12 and *Brown* to the case at hand, we conclude the juvenile court failed to comply with R.C. 2152.12 when it transferred case Nos. 12JU-4021 and 12JU-2968 without first conducting an amenability hearing or obtaining a valid waiver of the right to such a hearing in those cases.  Therefore, the adult court proceeded in those transferred cases without subject-matter jurisdiction, rendering the judgments of conviction for the felonious assault of E.H. and burglary of C.Y.'s home void.

{¶ 31} We note our decision in *Brown* does not conflict with our previous finding in this case that the adult court had jurisdiction to convict appellant of felonious assault in case No. 12CR-4024.  Again, in *Brown*, the defendant was only charged with one offense in each of his juvenile court cases.  In contrast, appellant was charged with multiple offenses in case No. 12CR-4024, and one of those offenses triggered the mandatory bindover provision in R.C. 2152.12(A)(1)(b)(ii).

{¶ 32} Finally, we must address appellant's conviction for the felonious assault of B.S. in case No. 12CR-5584.  Appellant contends the alleged crime occurred while he was

a juvenile. He also contends the charge arose from an incident separate from those he was charged with regard to in juvenile court, and the charge was never transferred from juvenile court to adult court. Thus, appellant claims his conviction for the felonious assault of B.S. is void. The state counters that under *State v. Adams*, 69 Ohio St.2d 120 (1982), the Franklin County Grand Jury was empowered to indict appellant for the felonious assault of B.S., and the adult court had jurisdiction to convict him for that offense.

{¶ 33} In *Adams*, two juveniles, Adams and White, participated in a series of armed robberies which included two robberies in Lake County—one in Willoughby and one in Wickliffe. Authorities initially did not know the pair acted in concert during the Lake County robberies, so Adams was charged in the Lake County Juvenile Court with crimes related to only the Willoughby robbery and White with crimes related only to the Wickliffe robbery. *Id.* at 120-21. After these cases were bound over to adult court, it came to light that Adams and White committed the robberies together. *Id.* at 121-22. The Lake County Grand Jury indicted each juvenile with crimes related to both Lake County robberies. *Id.*

{¶ 34} Among other things, Adams later appealed from his convictions for aggravated robbery and felonious assault committed in Wickliffe, and White appealed from his conviction for aggravated robbery in Willoughby. *Id.* at 122. In upholding these convictions, the Supreme Court of Ohio reasoned, in part, that the adult court proceedings stemmed from properly bound over juvenile cases. *See id.* at 124, 127-28. The Supreme Court held: "When a minor is transferred from the Juvenile Court to the Court of Common Pleas on a charge which would constitute a felony if committed by an adult, the grand jury is empowered to return any indictment under the facts submitted to it and is not confined to returning indictments only on charges originally filed in the Juvenile Court." *Id.* at paragraph two of the syllabus.

{¶ 35} The state admits portions of *Adams* were later superseded by a legislative enactment but argues the second paragraph of the syllabus was not and Ohio appellate courts continue to apply it. Even if the second paragraph remains viable and generally applies in the manner the state argues, *Adams* is distinguishable from the present matter. In *Adams*, the grand jury did not return an indictment until the juvenile court properly

relinquished jurisdiction over the cases against Adams and White. In contrast, in this matter, the grand jury indicted appellant with the felonious assault of B.S. in case No. 12CR-5584. However, case No. 12CR-5584 stems from case Nos. 12JU-4021 and 12JU-2968, which the juvenile court retained jurisdiction over after its improper transfer attempt. A grand jury indictment could not cure the adult court's lack of jurisdiction over these cases. Therefore, appellant's conviction for the felonious assault of B.S. is void.

{¶ 36} The state also argues R.C. 2151.23(H) supports its position that the grand jury had the ability to indict appellant for the felonious assault of B.S. Under R.C. 2151.23(H):

> If a child who is charged with an act that would be an offense if committed by an adult was fourteen years of age or older and under eighteen years of age at the time of the alleged act and *if the case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code*, except as provided in section 2152.121 of the Revised Code, the juvenile court does not have jurisdiction to hear or determine the case subsequent to the transfer. *The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer* to hear and determine the case in the same manner as if the case originally had been commenced in that court, subject to section 2152.121 of the Revised Code, including, but not limited to, jurisdiction *to accept a plea of guilty* or another plea authorized by Criminal Rule 11 or another section of the Revised Code and jurisdiction to accept a verdict *and to enter a judgment of conviction pursuant to the Rules of Criminal Procedure against the child* for the commission of the offense that was the basis of the transfer of the case for criminal prosecution, whether the conviction is for the same degree or a lesser degree of the offense charged, for the commission of a lesser-included offense, or *for the commission of another offense that is different from the offense charged.*

(Emphasis added.) But, again, case Nos. 12JU-4021 and 12JU-2968 were not properly transferred under R.C. 2152.12, so R.C. 2151.23(H) does not apply to those cases.

{¶ 37} We note that the reverse bindover statute, R.C. 2152.121, which contains provisions on amenability hearings after a conviction or guilty plea, does not cure the adult court's lack of jurisdiction regarding case Nos. 12JU-4021 and 12JU-2968. R.C. 2152.121 only applies to cases transferred pursuant to R.C. 2152.12(A)(1)(a)(i) or (b)(ii),

i.e., certain mandatory transfer cases.  However, case Nos. 12JU-4021 and 12JU-2968 are not subject to mandatory transfer.[5]

## IV. CONCLUSION

{¶ 38} For the foregoing reasons, appellant's sole assignment of error is overruled in part and sustained in part.  We affirm appellant's conviction for the felonious assault of J.W. in case No. 12CR-4024. However, his convictions in case No. 12CR-5584 are void and therefore reversed.  We remand case No. 12CR-5584 (13AP-847) to the Franklin County Court of Common Pleas with instructions to transfer the matter back to the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, for further proceedings, including an amenability hearing or proper waiver of an amenability hearing, in case Nos. 12JU-4021 and 12JU-2968.

*Judgments affirmed in part, reversed in part,*
*and causes remanded with instructions.*

SADLER, P.J., and TYACK, J., concur.

———————————

[5] We recognize appellant entered into a stipulation as part of his guilty pleas in the adult court cases with regard to his lack of amenability to care or rehabilitation within the juvenile system.  Appellant agreed the stipulation was admissible at a hearing pursuant to R.C. 2152.121, the reverse bindover statute.  But again, where a juvenile court purports to transfer a juvenile case to adult court without having complied with the proper procedures in R.C. 2152.12, the adult court proceeds in the absence of subject-matter jurisdiction and any judgment entered by the adult court is a nullity and void ab initio. *See Brown* at ¶ 29, citing *Wilson* at 44; *King* at ¶ 10; and *Hanning.* This court is aware of no legal authority, nor have the parties directed our attention to any authority, that stands for the proposition that a juvenile court's failure to comply with R.C. 2152.12 prior to transferring a juvenile case, and an adult court's resultant lack of jurisdiction, can be cured via a stipulation entered in adult court.  In any event, appellant agreed his stipulation was admissible for purposes of a hearing pursuant to R.C. 2152.121, not R.C. 2152.12.  As we previously explained, R.C. 2152.121 does not apply to case Nos. 12JU-4021 and 12JU-2968.