[Cite as *State v. Roebuck*, 2019-Ohio-1949.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-096** |
| JONATHAN BRIAN ROEBUCK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000191.

Judgment: Affirmed.


*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Matthew C. Bangerter*, The Bangerter Law Office, 4124 Erie Street, Willoughby, OH 44094 (For Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1}     Appellant, Jonathan Brian Roebuck, appeals from the judgment of the Lake County Court of Common Pleas that sentenced him to two counts of aggravated robbery. The Juvenile Division bound him over to the jurisdiction of the Lake County Court of Common Pleas to be tried as an adult after accepting his waiver of an amenability hearing. Mr. Roebuck contends he was denied due process and effective assistance of counsel because the trial court failed to engage in a colloquy to determine whether his waiver of

an amenability hearing was knowingly, intelligently, and voluntarily made. Mr. Roebuck, however, was charged with offenses that statutorily required an automatic mandatory bindover. Thus, we find Mr. Roebuck's argument to be without merit since no amenability hearing was required. We affirm the judgment of the Lake County Court of Common Pleas.

## Substantive and Procedural History

{¶2} On December 16, 2017, Mr. Roebuck robbed a Rite Aid and a Circle K in Willowick, Ohio. A detention hearing was held in the Lake County Juvenile Court on charges of aggravated robbery, robbery, and kidnapping. The trial court ordered that he be detained in the Juvenile Detention Center pursuant to Juv.R. 7 pending a hearing on the state's motion to relinquish jurisdiction. Mr. Roebuck was 17 years old at the time.

{¶3} Mr. Roebuck waived his right to a preliminary hearing and consented to a finding of probable cause that he committed the crime. The trial court ensured Mr. Roebuck knowingly, intelligently, and voluntarily waived this right.

{¶4} About a month later, the trial court held an amenability hearing to determine whether to bindover Mr. Roebuck to the Lake County Court of Common Pleas to be tried as an adult. Mr. Roebuck waived his right to the hearing, agreeing to the transfer of jurisdiction without objection by his counsel.

{¶5} After a hearing on transfer to an adult facility, the trial court ordered Mr. Roebuck's transfer from the Juvenile Detention Center to the Lake County jail.

{¶6} Mr. Roebuck pleaded guilty by way of information to three counts of robbery, second-degree felonies in violation of R.C. 2911.02. Count 1 included a three-year gun

specification and a two-year gang specification.  Count 2 included a three-year gun specification, and Count 3 included a one-year gun specification.

{¶7} The Lake County Court of Common Pleas sentenced Mr. Roebuck to consecutive three-year prison terms on each count, in addition to the mandatory firearm and gang specifications, for a total prison term of 18 years.

{¶8} Mr. Roebuck timely appeals, raising the following assignment of error:

{¶9} "Defendant-Appellant was denied due process and effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution."

### Waiver of Amenability Hearing

{¶10} In his sole assignment of error, Mr. Roebuck argues the trial court failed to engage in a colloquy to determine if his waiver of an amenability hearing was knowingly, intelligently, and voluntarily made.  The state conceded the trial court's error, and both Mr. Roebuck and the state request a remand to the juvenile court.  We ordered the parties to supplement their briefs in light of *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956 ("*Aalim II*"), which held the automatic mandatory bindover to adult court for certain offenses is constitutional.  *Id.* at ¶4 (reconsidering and reversing its holding in *State v. Aalim*, 150 Ohio St.3d 463, 2016-Ohio-8278, "*Aalim I*").  The state filed a supplemental brief, asserting Mr. Roebuck's case was viewed as a discretionary bindover matter, and as such, a hearing was required or a valid waiver.

{¶11} We disagree.  Despite the state's rationale that "[the facts of the underlying case may have warranted a mandatory transfer of jurisdiction, but the record is sparse as to the facts of the offense," a plain reading of the relevant statutes, R.C. 21512.10(A)(2)(b)

3

and R.C. 2152.12, reveals Mr. Roebuck's charges of aggravated robbery, robbery, and burglary are offenses that require automatic mandatory bindover for trial as an adult.

### Plain Error Standard of Review

{¶12} We review Mr. Roebuck's assignment of error under a plain error standard of review because defense counsel did not object to the juvenile court's bindover below.

{¶13} "Plain error – error that was not brought to the court's attention at a time when it could have been corrected – can only be noticed if it is an error that affects a substantial right." *State v. Taylor*, 8th District Cuyahoga No. 106502, 2018-Ohio-3998, ¶11, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "And even if an error is plain on the record, 'an appellate court is not required to correct it; [the Supreme Court of Ohio has] admonish[ed] courts to notice plain error with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶23.

### *Mandatory versus Discretionary Bindover*

{¶14} Mr. Roebuck and the state both argue that Mr. Roebuck's bindover was discretionary. Thus, they argue that the trial court was required to engage in a colloquy with Mr. Roebuck to ensure his waiver was knowing, intelligent, and voluntary. This, however, is a misapplication of R.C. 2152.10, "[m]andatory transfer; discretionary transfer," and R.C. 2152.12, "[t]ransfer of cases from juvenile court." A plain reading of those statutes reveals Mr. Roebuck's offenses required a mandatory bindover to adult court. The issue of waiver of a bindover hearing, in which the trial court would have been required to engage in a colloquy to ensure Mr. Roebuck was aware of the rights he was relinquishing, does not apply.

4

{¶15} Pursuant to R.C 2152.10(A)(2)(b), "[a] child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances: * * * [t]he child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply: * * * (b) [t]he child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged."

{¶16} Further, per R.C. 2152.02(BB)(1), a "category two offense" means * * * [a] violation of section * * * 2905.01 [kidnapping], * * * 2911.01 [aggravated robbery] of the Revised Code."

{¶17} Once it is clear a juvenile is charged with a mandatory bindover offense and the age requirement and one or both of the additional qualifications are met, the case must automatically be transferred to adult court. *State v. R.D.*, 10th Dist. Franklin Nos. 13AP-847 & 13AP-1059, 2014-Ohio-5100, ¶21 ("R.C. 2152.12(A)(1)(b)(ii) requires that a juvenile court 'transfer the case' under these circumstances, not just the act charged that formed the basis for the application of R.C. 2152.12(A)(1)(b)(ii)").

{¶18} A colloquy is only required where bindover is discretionary and the juvenile waives his or her right to a bindover hearing. *See* R.C. 2152.12(B); *In re D.J.*, 1st Dist. Hamilton Nos. C-170615 & C-170616, 2019-Ohio-288, ¶9 ("[u]nder a mandatory

bindover, the juvenile court is not required to consider whether the child would be amenable to care or rehabilitation within the juvenile system").

{¶19} The Supreme Court of Ohio upheld the statutory scheme of R.C. 2152.10 and R.C. 2152.12 in *Aalim II, supra*, holding that automatic "mandatory bindover of certain juvenile offenders under R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) [without a hearing] complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Id.* at ¶38.

{¶20} In its supplemental brief, the state insists "the discretionary nature of the transfer is demonstrated by the record" and that "the parties and the juvenile court shared the understanding that the State was requesting a discretionary transfer of Appellant."

{¶21} We disagree with the state's contention that "the discretionary nature of the transfer is demonstrated by the record." The fact of the matter is that while the parties and the court may have come to an "understanding" that this case would be considered under a discretionary standard, the charges were not amended and neither the "understanding" or the bases for the "understanding" were put on the record. The statute does not allow the state to request a discretionary versus mandatory bindover. Rather, the juvenile court's procedure is dictated by statute, and the juvenile court is required to bindover juveniles for certain offenses and hold a discretionary hearing for others. Although the trial court erred in conducting a discretionary bindover investigation and hearing, any error was harmless because Mr. Roebuck was transferred as required per his charged offenses.

{¶22} Since no amenability hearing was required, the trial court did not err in failing to engage in a colloquy of a valid waiver for an amenability hearing. We affirm the judgment of the Lake County Court of Common Pleas.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.